# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CENTRAL DIVISION

2016 OCT -3 PM 12:17

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

CITIBANK, N.A. and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

CHARLES ERWIN, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN DIEGO, CENTRAL DIVISION
220 WEST BROADWAY AVE, SAN DIEGO, CA 92101

CASE NUMBER:
*(Número del Caso):*
37-2016-00034408-CU-NP-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ANDRE VERDUN, (619) 880-0110, C/O 401 West A Street, Ste 1100, SAN DIEGO, CA 92101

DATE: *(Fecha)* OCT 03 2016 Clerk, by *(Secretario)* D. Johnson, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS: 330 W Broadway
CITY AND ZIP CODE: San Diego, CA 92101-3827
BRANCH NAME: Central
TELEPHONE NUMBER: (619) 450-7071

PLAINTIFF(S) / PETITIONER(S): Charles Erwin

DEFENDANT(S) / RESPONDENT(S): Citibank, N.A.

ERWIN VS. CITIBANK, N.A.

NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE

CASE NUMBER: 37-2016-00034408-CU-NP-CTL

CASE ASSIGNMENT

Judge: Gregory W Pollack

Department: C-71

COMPLAINT/PETITION FILED: 10/03/2016

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 03/03/2017 | 01:00 pm | C-71 | Gregory W Pollack |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See Local Rule 5.1.8

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

# Superior Court of California
# County of San Diego

## NOTICE OF ELIGIBILITY TO eFILE AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 051414 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

**Please refer to the General Order - Imaging located on the San Diego Superior Court website at:**

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2016-00034408-CU-NP-CTL CASE TITLE: Erwin vs. Citibank, N.A.

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**

**(1) this Alternative Dispute Resolution (ADR) information form (SDSC form #CIV-730),**
**(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), and**
**(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

Potential Advantages
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

Potential Disadvantages
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

### Most Common Types of ADR

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):

- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| PLAINTIFF(S): Charles Erwin | |
| DEFENDANT(S): Citibank, N.A. | |
| SHORT TITLE: ERWIN VS. CITIBANK, N.A. | |
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: 37-2016-00034408-CU-NP-CTL |

Judge: Gregory W Pollack　　　　Department: C-71

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

- ☐ Mediation (court-connected)
- ☐ Non-binding private arbitration
- ☐ Mediation (private)
- ☐ Binding private arbitration
- ☐ Voluntary settlement conference (private)
- ☐ Non-binding judicial arbitration (discovery until 15 days before trial)
- ☐ Neutral evaluation (private)
- ☐ Non-binding judicial arbitration (discovery until 30 days before trial)
- ☐ Other (*specify e.g., private mini-trial, private judge, etc.*): ____________________

____________________

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (*Name*) ____________________

____________________

____________________

Alternate neutral (for court Civil Mediation Program and arbitration only): ____________________

Date: ____________________　　　　Date: ____________________

____________________　　　　____________________
Name of Plaintiff　　　　Name of Defendant

____________________　　　　____________________
Signature　　　　Signature

____________________　　　　____________________
Name of Plaintiff's Attorney　　　　Name of Defendant's Attorney

____________________　　　　____________________
Signature　　　　Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 10/03/2016　　　　____________________
JUDGE OF THE SUPERIOR COURT

Andre L. Verdun (SBN 265436)
Attorney at Law
401 West "A" Street, Ste. 1100
San Diego, CA 92101
Tel. (619) 880-0110
Fax. (866) 786-6993
Andre@VerdunLaw.com

Attorneys for Plaintiff
CHARLES ERWIN

FILED
CIVIL BUSINESS OFFICE 2
CENTRAL DIVISION

2016 OCT -3 PM 1:17

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

| | |
|---|---|
| **CHARLES ERWIN**, an individual,<br>Plaintiff,<br>vs.<br>**CITIBANK, N.A.** and **DOES 1 through 10**, inclusive,<br>Defendant. | Case #: 37-2016-00034408-CU-NP-CTL<br>**COMPLAINT FOR DAMAGES**<br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. CITIBANK N.A. ("CITIBANK") made hundreds of telephone calls to Plaintiff on his cell phone in an attempt to collect a debt; called multiple times per day; and continued to call after Plaintiff's demands that calls cease.

2. These calls were placed after numerous requests to cease calling were made and after Plaintiff told CITIBANK that he refused to repay the debt.

3. CITIBANK's unlawful conduct caused Plaintiff severe emotional distress, including physical and emotional harm.

4. Citibank engages in a pattern and practice of the unlawful conduct described above. Certain nations (like Indonesia) have banned Citibank from collecting debts entirely.[1] Also See, *Cayanan v. Citi Holdings*, 12-cv-1476 MMAJMA (S.D. Cal. June 15, 2012)(TCPA class action alleging 110 calls to Plaintiff's cell phone); *Baker v. Citibank, N.A.* 12-cv-05038 (C.D. Cal. 2012)(class action for unlawful TCPA calls to consumers throughout California) *Haas v. Citibank* 13-01578 (N.D.Cal 2013)(150 calls to Plaintiff's cell phone after Plaintiff requested they cease, calling estranged family members, and hiring a third party debt collector to continue calling, despite Plaintiff's requests to cease).

5. On December 29, 2008, the Federal Communications Commission ("FCC") issued a citation to Citibank for abusive collection practices, including admonishing Citibank that "[I]f, after receipt of this citation, you or your company violate the Communications Act or the Commission's rules in any manner described herein, the Commission may impose monetary forfeitures not to exceed $11,000 for each such violation or each day of a continuing violation occurring before September 2, 2008, and $16,000 for each such violation or each day of a continuing violation occurring on or after September 2, 2008."

6. Congress has stated:

" There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to <u>invasions of individual privacy</u>."

## PARTIES

7. Plaintiff, CHARLES ERWIN ("plaintiff", "plaintiffs", or "ERWIN") is, and at all times herein mentioned was, a natural person who resides in the City of San Diego, County of San Diego, and State of California. He is a "person" as defined by and protected under

[1] http://www.sanjosebankruptcyfdcpalawyer.com/?page=2

California Civil Code 1788.2(g).

8. CITIBANK N.A. ("Defendant" or "CITIBANK") is, and at all times herein mentioned was, on information and belief, a corporation which lawfully conducts business in the State of California. Defendant is a debt collector as defined by California Civil Code 1788.2(c).

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1-10 inclusive, are unknown to plaintiff who, therefore, sues said defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said defendants is responsible in some manner for the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

## JURISDICTION

10. The Superior Court of the State of California has jurisdiction over this action pursuant to California Constitution Article VI, Section 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts."

11. This Court has jurisdiction over this action pursuant to Code of Civil Procedure § 410.10.

12. Pursuant to California Code of Civil Procedure, § 410.10 this Court has jurisdiction over Defendant because Defendant is a person/entity having sufficient minimum contacts with the state of California so as to render the exercise of jurisdiction over the defendant by the California courts consistent with traditional notions of fair play and substantial justice.

## VENUE

13. Venue is proper in the San Diego County Superior Court pursuant to California Code of Civil Procedure § 395.5 because one or more of the violations in the Complaint, as herein alleged against the Defendant, emanated from San Diego,

California.

## FACTUAL ALLEGATIONS

14. Plaintiff opened a consumer credit account with CITIBANK. The credit card was used, and intended to be used for primarily for personal, family and household purposes.

15. Sometime in about 2015, Plaintiff fell behind on payments to CITIBANK. CITIBANK began calling Plaintiff repeatedly to collect the debt. These calls came daily, and were placed numerous times a day. ERWIN demanded that CITIBANK stop calling him, though the calls did not cease. The calls amount to hundreds of calls in a matter of weeks.

16. ERWIN became frustrated with the calls as they started to cause of stress and anxiety. The stress and anxiety affected his work. ERWIN told CITIBANK that he would not pay the debt because CITIBANK would not stop making repeated calls to him.

17. When Defendant called Plaintiff, it used an automated dialer to telephone Plaintiff. When picked up, or when a message was left, Plaintiff was played a recording with an artificial, pre-recorded, voice, telling Plaintiff to return Defendant's call during a specified time period.

18. The calls with an artificial voice were placed to Plaintiff's home phone, his cell phone and his work phone after Plaintiff demanded that calls to Plaintiff cease.

19. Some of the calls placed to Plaintiff by CITIBANK, after Plaintiff demanded that CITIBANK stop calling him are as follows:

| | | |
|---|---|---|
| 9/3/2015 | 19:59 | CITIBANK |
| 9/3/2015 | 19:59 | CITIBANK |
| 9/4/2015 | 19:07 | CITIBANK |
| 9/4/2015 | 19:07 | CITIBANK |
| 9/5/2015 | 19:34 | CITIBANK |
| 9/5/2015 | 19:34 | CITIBANK |

| | | |
|---|---|---|
| 9/6/2015 | 19:51 | CITIBANK |
| 9/6/2015 | 19:51 | CITIBANK |
| 9/14/2015 | 18:46 | CITIBANK |
| 9/14/2015 | 15:45 | CITIBANK |
| 9/14/2015 | 8:43 | CITIBANK |
| 9/14/2015 | 18:43 | CITIBANK |
| 9/14/2015 | 18:46 | CITIBANK |
| 9/14/2015 | 15:45 | CITIBANK |
| 9/14/2015 | 8:43 | CITIBANK |
| 9/14/2015 | 18:43 | CITIBANK |
| 9/15/2015 | 17:49 | CITIBANK |
| 9/15/2015 | 17:49 | CITIBANK |
| 9/15/2015 | 14:49 | CITIBANK |
| 9/15/2015 | 11:29 | CITIBANK |
| 9/15/2015 | 8:28 | CITIBANK |
| 9/15/2015 | 17:49 | CITIBANK |
| 9/15/2015 | 17:49 | CITIBANK |
| 9/15/2015 | 14:49 | CITIBANK |
| 9/15/2015 | 11:29 | CITIBANK |
| 9/15/2015 | 8:28 | CITIBANK |
| 9/18/2015 | 18:00 | CITIBANK |
| 9/18/2015 | 14:59 | CITIBANK |
| 9/18/2015 | 11:58 | CITIBANK |
| 9/18/2015 | 8:38 | CITIBANK |
| 9/18/2015 | 18:00 | CITIBANK |
| 9/18/2015 | 14:59 | CITIBANK |
| 9/18/2015 | 11:58 | CITIBANK |

| | | |
|---|---|---|
| 9/18/2015 | 8:38 | CITIBANK |
| 9/19/2015 | 14:27 | CITIBANK |
| 9/19/2015 | 16:27 | CITIBANK |
| 9/19/2015 | 14:26 | CITIBANK |
| 9/19/2015 | 10:47 | CITIBANK |
| 9/19/2015 | 8:34 | CITIBANK |
| 9/19/2015 | 14:27 | CITIBANK |
| 9/19/2015 | 16:27 | CITIBANK |
| 9/19/2015 | 14:26 | CITIBANK |
| 9/19/2015 | 10:47 | CITIBANK |
| 9/19/2015 | 8:34 | CITIBANK |
| 9/20/2015 | 13:47 | CITIBANK |
| 9/20/2015 | 13:47 | CITIBANK |
| 9/20/2015 | 9:28 | CITIBANK |
| 9/20/2015 | 13:47 | CITIBANK |
| 9/20/2015 | 13:47 | CITIBANK |
| 9/20/2015 | 9:28 | CITIBANK |
| 9/21/2015 | 17:17 | CITIBANK |
| 9/21/2015 | 12:00 | CITIBANK |
| 9/21/2015 | 8:59 | CITIBANK |
| 9/21/2015 | 17:17 | CITIBANK |
| 9/22/2015 | 11:59 | CITIBANK |
| 9/22/2015 | 18:30 | CITIBANK |
| 9/22/2015 | 15:29 | CITIBANK |
| 9/22/2015 | 8:59 | CITIBANK |
| 9/23/2015 | 18:14 | CITIBANK |
| 9/23/2015 | 15:13 | CITIBANK |

| | | |
|---|---|---|
| 9/23/2015 | 11:40 | CITIBANK |
| 9/23/2015 | 8:39 | CITIBANK |
| 9/24/2015 | 18:24 | CITIBANK |
| 9/24/2015 | 15:22 | CITIBANK |
| 9/24/2015 | 11:32 | CITIBANK |
| 9/24/2015 | 8:30 | CITIBANK |
| 9/25/2015 | 18:46 | CITIBANK |
| 9/25/2015 | 12:20 | CITIBANK |
| 9/25/2015 | 9:00 | CITIBANK |
| 9/26/2015 | 14:52 | CITIBANK |
| 9/26/2015 | 12:51 | CITIBANK |
| 9/26/2015 | 10:42 | CITIBANK |
| 9/26/2015 | 8:27 | CITIBANK |
| 9/27/2015 | 15:53 | CITIBANK |
| 9/27/2015 | 13:38 | CITIBANK |
| 9/27/2015 | 11:37 | CITIBANK |
| 9/27/2015 | 9:13 | CITIBANK |
| 9/30/2015 | 8:19 | CITIBANK |
| 10/1/2015 | 2:44 | CITIBANK |
| 10/1/2015 | 5:45 | CITIBANK |
| 10/2/2015 | 11:42 | CITIBANK |
| 10/2/2015 | 3:45 | CITIBANK |
| 10/7/2015 | 2:41 | CITIBANK |
| 10/7/2015 | 5:42 | CITIBANK |

20. Plaintiff alleges that there are additional phone calls that were placed by Defendant to Plaintiff after Plaintiff demanded calls to cease.

## FIRST CAUSE OF ACTION

(California Civil Code 1788)

21. Plaintiff reaffirms and realleges paragraphs above herein as if specifically set forth more fully herein below.

22. Defendant is included in the class of entities whose debt collection activities are regulated under California Civil Code section 1788 et seq, as defined by California Civil Code § 1788.2(c).

23. Plaintiff is a "person" as defined by California Civil Code § 1788.2(g).

24. Plaintiff is a "debtor" as defined by California Civil Code § 1788.2(h).

25. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt" as those terms are defined by California Civil Code § 1788.2(f).

26. Defendants acts and omissions violated California Civil Code § 1788 et seq, the Rosenthal Fair Debt Collection Practices Act, including, but not limited to the below activity:

a. Defendants violated 1788.11(d) by calling Plaintiff repeatedly and continuously.

b. Defendants violated 1788.11(e) by communicating by telephone with Plaintiff in such frequency as to be unreasonable and to constitute harassment to the Plaintiff under the circumstances.

c. Defendants violated 1788.11(a) by placing telephone calls without disclosure of the caller's identity.

d. Defendants violated § 1788.17 by engaging in impermissible communications with third parties; engaging in conduct the natural consequence which is to abuse or harass (including causing a telephone to ring or engaging any person in telephone conversation repeatedly or

continuously with intent to annoy, abuse, or harass any person at the called number); making false deceptive and misleading statements in an attempt to collect a debt, taking action one cannot legally take; failing to properly disclose an identify oneself; using unfair or unconscionable practices in an attempt to collect a debt, prohibited by 15 U.S.C. § 1692 *et seq.*

27. Plaintiff is entitled to statutory damages, actual damages and attorney fees and cost of suit.

28. Plaintiff suffered actual damages and emotional distress as describe above.

## SECOND CAUSE OF ACTION

*(Invasion of Privacy – Intrusion on Seclusion)*

29. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

30. Defendants' outrageous, abusive, and undignified acts as described herein constituted intrusion upon Plaintiff's seclusion.

31. Defendants intruded upon the solitude or seclusion, private affairs or concerns of Plaintiff.

32. The intrusion was substantial, and of a kind that would be highly offensive to an ordinary reasonable person.

33. The intrusion caused Plaintiff to sustain injury, damage, loss or harm in the form of emotional distress mentioned above.

34. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered damages in an amount to be determined by proof and a finder of fact at trial.

35. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

## THIRD CAUSE OF ACTION

*(Negligence)*

36. Plaintiff incorporates by reference the above paragraphs as though fully

stated herein below.

37. Defendants' outrageous, abusive and intrusive acts as described herein constituted negligence.

38. Defendants negligently inflicted emotional distress.

39. Defendants breached a duty imposed and failed to exercise ordinary care.

40. Defendants owed Plaintiff a duty to refrain from unlawful debt collections (California Civil Code §1788 et seq.) and unlawful telephone conduct (Penal Code §653m) and the Telephone Consumer Protection Act.

41. The breach of such duty proximately caused injury to Plaintiff.

42. The injury resulted from an occurrence the nature of which these statutes were designed to protect Plaintiff from.

43. Plaintiff is a member of the class of persons the statutes were designed to protect.

44. Defendants' conduct, as described herein, was wrongful conduct in that the Defendants conducted their business in an abusive, oppressive, and harassing manner.

45. Defendants negligently trained, supervised, and retained, its employees and agents.

46. Defendants' wrongful conduct as described herein actually and proximately caused the Plaintiff severe and serious emotional distress in that the Defendants wrongful conduct has caused harm as described above.

47. It is clearly foreseeable that Defendants' actions as described herein could cause harm, including severe and serious emotional distress

48. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff

49. has suffered damages in an amount to be determined at trial. Defendants' wrongful conduot as described herein actually and proximately caused the Plaintiff's harm as noted above.

50. Defendants acted with oppression, and/or malice, thereby entitling Plaintiff

to punitive damages in an amount to be determined at trial. Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

51. On information and belief, Defendant's officers, directors or managing agents authorized or ratified the wrongful acts herein.

52. On information and belief, Defendant's officers, director's or managing agents are personally guilty of oppression, fraud or malice.

**FOURTH CAUSE OF ACTION**

*(Intrusion on Seclusion)*

53. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

54. The foregoing acts of Defendants as described herein constitute an invasion of the Plaintiff's privacy and an intrusion upon his right of seclusion.

55. Plaintiff has a common law right to, and a reasonable expectation of privacy, his home, telephone, and place of employment, and in regard to his private affairs.

56. Defendants' abusive and improper collection practices in the collection of the debt constituted a substantial invasion upon Plaintiff's seclusion and privacy, and would be highly offensive to a reasonable person.

57. Defendants intended to cause emotional distress; and/or engaged in reckless disregard of the probability of causing Plaintiffs emotional distress.

58. As a proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined by proof and a finder of fact at trial.

59. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

**FIFTH CAUSE OF ACTION**

*(Telephone Consumer Protection Act)*

60. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

61. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

62. At all times relevant to this complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

63. The Defendant at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA U.S.C § 153(43).

64. The Defendant at all times relevant to the complaint herein engages in "interstate" communications" by the TCPA U.S.C. § 153(22).

65. At all times relevant to this complaint, the Cross-Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

66. At all times relevant to this complaint, the Cross-Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200 (f) (1).

67. Defendants violated the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone a cellular phone, without Plaintiff's consent.

68. Defendants' violations were willful and knowing.

69. As a result of these violations of the TCPA, Defendants are liable to Plaintiff for statutory damages, including treble damages.

70. Defendants engaged in willful and knowing violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A).

71. Defendants used an automated dialing system and pre-recorded messages to telephone Plaintiff's cellular telephone, without his consent.

72. Defendants' acts were willful, intentional and knowing.

///

73. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

74. Plaintiff is entitled to recover actual and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

i. Statutory damages pursuant to Cal. Civil Code § 1788.30(b) and Civil Code 1788.17.

ii. Actual damages according to proof pursuant to Cal. Civil Code § 1788 and 1788.17, as well as common law;

iii. An award of statutory damages of $500 dollars per incident for negligent violation of the TCPA and $1,500 per incident for willful violation of the TCPA;

iv. Punitive damages;

v. Attorneys' fees and costs

vi. Such other and further relief that may be just and proper.

Dated: September 30, 2016

/s/ Andre L. Verdun
Andre Verdun,
Attorneys for Plaintiff
CHARLES ERWIN

## DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, CHARLES ERWIN, by and through him attorney, Andre L. Verdun and hereby demands a trial by jury in the above-captioned matter.

Dated: September 30, 2016

/s/ Andre L. Verdun
Andre Verdun,
Attorneys for Plaintiff
CHARLES ERWIN