STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
MARCOS D. SASSO (State Bar No. 228905)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone:  310.556.5800
Facsimile:   310.556.5959
Email:       *lacalendar@stroock.com*

Attorneys for Defendant
  CITIBANK, N.A.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ERWIN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITIBANK, N.A.<br><br>　　　　Defendant. | Case No. 3:16-cv-03040-GPC-KSC<br><br>[Assigned to the Honorable Gonzalo P. Curiel]<br><br>**SUPPLEMENTAL DECLARATION OF KELLY BOOTH IN SUPPORT OF MOTION OF DEFENDANT CITIBANK, N.A. TO COMPEL ARBITRATION AND STAY ACTION**<br><br>**Hearing:**<br>Date:　　March 24, 2017<br>Time:　　1:30 p.m.<br>Courtroom:  2D<br><br>Action Filed:  October 3, 2016<br><br>[Reply in Support of Motion to Compel Arbitration and Stay Action filed concurrently] |

16cv3040

LA 52044999

# DECLARATION OF KELLY BOOTH

I, KELLY BOOTH, hereby declare as follows:

1. I am an employee of Citibank, N.A., ("Citibank"), a national bank located in Sioux Falls, South Dakota. Citibank issues credit card accounts to persons throughout the country, including the credit card at issue in this action.

2. I have worked with Citibank or its affiliates in different capacities for approximately 23 years. In connection with my employment, I have personal knowledge of the general business practices of Citibank with respect to its credit card accounts. My responsibilities include the preparation of affidavits in connection with litigation involving Citibank, and I am authorized to provide this Declaration for Citibank. I have access to the business records relating to the credit card accounts issued by Citibank including, in particular, the records of cardmember accounts and the applicable card agreements.

3. The statements set forth in this declaration are true and correct to the best of my knowledge, information and belief. Except where based upon information provided by persons working under my direction and supervision, the statements contained herein are based on my personal knowledge or review of Citibank's records, including records pertaining to the Citibank credit card account issued to plaintiff Charles Erwin ("Plaintiff"). If called as a witness, I am competent to testify to the statements contained herein.

4. In my prior Declaration in this action, I confirmed that Plaintiff's Citibank Simplicity account currently ending in 6659 (the "Account") is subject to an arbitration provision. In my prior Declaration, I also confirmed that Citibank's records reflect that on or about September 10, 2015, Plaintiff was mailed, among other things, a new Card Agreement for the Account. Plaintiff had the right to reject the arbitration provision contained in the new Card Agreement by following specific instructions. As stated in my prior Declaration, Citibank's records confirm that Plaintiff did not choose to reject the arbitration provision.

LA 52044999

5. I have reviewed the Declaration of Charles Erwin in Support of Plaintiff's Opposition to Motion to Compel Arbitration, including exhibits ("Plaintiff's Declaration"), in which Plaintiff states that he mailed Citibank a letter (attached as Exhibit A to Plaintiff's Declaration) opting out of the arbitration agreement. As discussed below, Citibank did not receive such a letter from Plaintiff.

6. Citibank maintains a policy and procedure for handling a cardmember's request to reject the arbitration agreement. That process is described herein.

7. Cardmembers that wish to reject the arbitration agreement are instructed (as Plaintiff was here, as described in my prior Declaration) to send a written request to Citibank at P.O. Box 6195, Sioux Falls, SD 57117-6195 in order to reject the arbitration agreement.

8. Upon Citibank's receipt of a rejection letter, the cardmember's written request is scanned into Citibank's document management system, and a case is created and identified with a document type of "Arbitration Opt Out." It is, and was at the time, Citibank's practice to retain a scanned image of the rejection letter for 10 years in Citibank's document management system, while a physical copy of the letter is retained for 180 days.

9. Within five (5) days of receipt of a rejection letter, a member of Citibank's Account Maintenance Team reviews and works those cases with the document type of "Arbitration Opt Out." As part of the review, the Account Maintenance Team representative reviews the opt-out request to determine if a request for arbitration opt-out has been previously recorded on the account by viewing the account notes. In the regular course of its business, Citibank maintains electronic records for each account detailing the transactions and communications in connection with a given account. Communications received regarding a particular account are recorded in the history for that account at or near the time that the communication occurred.

LA 52044999

10. If no arbitration opt out was previously recorded on the account, the Account Maintenance representative accesses the Arbitration Rejection Request Screen in Citibank's account maintenance system and initiates the rejection request. A systemic note—identified as "ARBITRATION REJECT REQUEST SUBMITTED"—is placed on the account, and the Account Maintenance representative closes the case.

11. Once the rejection request is initiated in Citibank's account maintenance system, the following systemic actions occur on the account: (i) the system determines if the arbitration rejection was timely received; (ii) if it is determined that the arbitration reject request was timely received, the arbitration indicator on the account is updated to "N" and the customer's account is noted in the account notes with "ARBITRATION HAS BEEN REJECTED," indicating that the arbitration rejection was successful and a confirmation letter is sent to the customer; and (iii) if it is determined the arbitration reject request was not timely received, the arbitration indicator remains a "Y" and the customer's account is noted with "ARBITRATION NOT REJECTED. REQ AFTER REJECTION DT," indicating that the arbitration rejection was not successful and a confirmation letter is sent to the customer. Under either of the foregoing scenarios, the mailing of the confirmation letter is noted in the account notes.

12. Based upon my review of the records pertaining to the Account, I am able to determine that Citibank did not receive a rejection letter for multiple reasons.

13. First, Citibank's document management system does not contain the letter relied upon by Plaintiff. The only correspondence from Plaintiff regarding the Account is a letter dated September 30, 2016, a copy of which is attached hereto as Exhibit 4. Pursuant to Citibank's policy and procedure, had Citibank received the letter relied upon by Plaintiff, it would have been scanned into, and the scanned image would be retained by Citibank for 10 years in, Citibank's document management system.

- 3 -

LA 52044999

1   14.  Second, I have reviewed the notes for the Account, and no case was
2   created for the Account with a document type of "Arbitration Opt Out."

3   15.  Third, I have reviewed the notes for the Account, and there is no note
4   indicating that a written rejection letter was received and/or that the systemic note
5   "ARBITRATION REJECT REQUEST SUBMITTED" was placed on the account.
6   As discussed above, pursuant to Citibank's practice, had a rejection letter been
7   received from Plaintiff, a systemic note would have been placed on the Account.

8   16.  Finally, I have reviewed the notes for the Account, and the arbitration
9   indicator on the Account is not updated to "N" and the Account is not noted with the
10  note "ARBITRATION HAS BEEN REJECTED" or "ARBITRATION NOT
11  REJECTED. REQ AFTER REJECTION DT." In addition, the Account is not noted
12  with a note that a confirmation letter was mailed to Plaintiff, in accordance with
13  Citibank practice, as discussed in Paragraph 11 above.

14  I declare under penalty of perjury, under the laws of the United States, that the
15  foregoing is true and correct. Executed this 2nd day of March, 2017 at Jacksonville,
16  Florida.

_____
KELLY BOOTH

# CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2017, a copy of the foregoing **SUPPLEMENTAL DECLARATION OF KELLY BOOTH IN SUPPORT OF MOTION OF DEFENDANT CITIBANK, N.A. TO COMPEL ARBITRATION AND STAY ACTION** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

*/s/ Marcos D. Sasso*
Marcos D. Sasso

16cv3040

LA 52044999